UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

Daniel Dario Trevino and                                    Docket No.  1:17-cv-601
Hydroworld, LLC,
        Plaintiffs

                                                            Hon. Janet T. Neff
v.                                                          District Court Judge

William Lo,
        Defendants.
_____/

| | |
|---|---|
| J. Nicholas Bostic   P40653 | Bonnie G. Toskey P30601 |
| Attorney for Plaintiff | Gordon J. Love P74713 |
| 909 N. Washington Ave. | Attorney for Defendant |
| Lansing, MI 48906 | 601 N. Capitol Ave. |
| (517) 706-0132 | Lansing, MI 48933 |
| | 517-372-9000 |

_____/

## JOINT STATUS REPORT

The Rule 16 Scheduling Conference is scheduled for Monday, December 18, 2017 at 11:00

a.m., before the Honorable Janet T. Neff. Appearing for the parties as counsel will be J. Nicholas

Bostic on behalf of Plaintiffs, Bonnie G. Toskey and Gordon J. Love on behalf of Defendant.

1.      **Jurisdiction:**  The basis for the Court's jurisdiction is 28 U.S.C. §1331 and 28

U.S.C. 1343(a)(4).

2.      **Jury or Non-Jury:** This case is to be tried before a jury.

3.      **Judicial Availability**: The parties would agree to have a United States Magistrate

Judge conduct proceedings related to discovery and non-dispositive motions in the case but do not

agree to have a Magistrate Judge hear dispositive motions or preside over the trial.

4.      **Statement of the Case:** This case involves:

**Plaintiff's Statement:**

1

On July 3, 2014, Defendant was employed as a deputy sheriff for Ingham County and was assigned to the Tri-County Metro Narcotics Squad. He received a receipt from an officer assigned to the Jackson Narcotics Enforcement Team that had been seized illegally on July 3, 2014. Defendant Lo then prepared an affidavit for a search warrant that contained two defects: first, the allegations relied on the illegally obtained receipt, and second, the allegations with or without the illegally acquired information did not provide sufficient probable cause to authorize a search. The place searched was a commercial storage unit controlled by Plaintiffs to store medical marihuana patient files.

Defendant or others acting on his behalf unlawfully entered the commercial storage grounds to get close enough to the storage unit to use a canine which alerted at the door. This information was also unlawfully obtained because the officers trespassed to gain access to the unit. Once the unit was opened, the records did not have any evidentiary value, were not contraband, and there was no probable cause to seize them.

**Defendant's Statement:**

Defendant Lo is an Ingham County Sheriff's Deputy who at all times relevant to Plaintiff's Complaint was assigned to the Metro Narcotics Squad.  He worked on the Metro Narcotics Squad until May 2015 at which point he transferred to another position within the Ingham County Sheriff's Office.  On July 3, 2014 the Metro Narcotics Squad's on-duty supervisor received a call from a member of the Jackson Narcotics Enforcement Team advising that Plaintiff, an individual known to be under long-pending investigation by the Metro Narcotics Squad for possible illegal narcotics transactions, leased a storage unit in Clinton County.   Defendant Lo was asked by his Metro Narcotics Squad supervisor to draft a search warrant for the Clinton County storage unit leased by Plaintiff Trevino.  Defendant Lo drafted a detailed Affidavit for Search Warrant

establishing probable cause based on 30 facts.  Defendant Lo in drafting his Affidavit for Search Warrant had no personal knowledge of the circumstances giving rise to the Jackson Narcotics Enforcement Team's knowledge of Plaintiff's leased storage unit in Clinton County as he had no contact with anyone from the Jackson Police Department or the Jackson Narcotics Enforcement Team.  The Affidavit for Search Warrant for records was signed by a Clinton County Magistrate.

Defendant acted on the basis of legally executed search warrant, which listed 30 different facts to establish probable cause, was signed by a Magistrate in Clinton County and the property seized pursuant to a search warrant was relevant to the Metro Narcotics Squad's ongoing investigation into Plaintiff's narcotics transactions.   The City of Jackson's search and seizure revealing the storage unit receipt was not found to be illegal until 3/23/2017, almost three years after the search warrant was executed.  Plaintiff's allegations do not rise to ordinary negligence against Defendant, for which he is entitled to qualified immunity under Federal law.  There is no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.

Further, Plaintiff has failed to properly serve Defendant Lo who Plaintiff sued in his individual capacity.  Defendant was only notified of the Summons and Complaint after it exchanged hands through multiple channels apparently beginning with the "Lock-up" in the Lansing Police Department, the Metro Narcotics Squad, and eventually the Ingham County Sheriff's Office.  Defendant Lo was at all times an employee of Ingham County. Defendant never worked for or worked out of the Lansing Police Department.   Upon information and belief, Plaintiff served the Summons and Complaint on an individual in the Lansing Police Department, perhaps on an individual employee in "Lock-up".  Defendant at no point waived service or agreed to a substitute form of service.  Service is improper and this Complaint should be dismissed for

that reason. There was never a legal connection between the City of Lansing and Defendant Lo such that service on the City was compliant with the Statute.

     5.    **Prospects of Settlement:** The Parties have not yet discussed settlement but will attempt to do so by the Rule 16 conference.

     6.    **Pendent State Claims**: This case does not include pendent state claims.

     7.    **Joinder of Parties and Amendment of Pleadings:** All parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **January 26, 2018**.

     8.    **Disclosures and Exchanges:**

(a)    Fed.R.Civ.P. 26(a)(1) disclosures shall be made by **January 26, 2018**.

(b)    Fed.R.Civ.P. 26(a)(2)(A) disclosures: by Plaintiff by **April 13, 2018;** by Defendants by **May 4, 2018**.

(c)    It would be advisable in this case to exchange written expert reports as contemplated by Fed. R. Civ. P. 26(a)(2)(b) disclosures: 30 days before discovery closes.

(d)    The parties have agreed to make available the following documents without the need of a formal request for production:

    From Plaintiff to Defendants by **January 12, 2018**: Search warrant, affidavit, return, and the police report.

    From Defendants to Plaintiffs by **January 26, 2018**: Interlocal Agreement for The Tri-County Metro Narcotics Squad

     9.    **Discovery:** The parties believe that all discovery proceedings can be completed by **July 27, 2018.** The discovery plan is:

    a.      Follow the presumptive limits, including time limits for depositions, of Rule 33(a); Rule 30(a)(2)(A); and Rule 30(d)(1) and the Order for Rule 16 Conference [R. 11, PageID#32].

    b.      Inadvertently disclosed trial preparation materials or privileged material will be handled pursuant to Rule 26(5)(B).

    c.      Depositions of experts will be scheduled to occur after the completion of fact witnesses, and after ADR (unless written notice is provided to the opposing party that the deposition is necessary for ADR or a dispositive motions.)

10.      **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: the Parties do not expect any bulk electronic information to be necessary and do not anticipate any disagreements or issues with electronically stored information.

11.      **Assertion of Claims of Privilege or Work−Product Immunity After Production:** The Parties will utilize the procedure in Fed. R. Civ. P. 26(b)(5)(B) for inadvertently disclose material this is privileged or work-product.

12.      **Motions:** The parties acknowledge that a pre−motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiff:        Motion for Summary Judgment.

Defendant:       Motion for Summary Judgment and/or Motion to Dismiss and/or Motion

for Frivolous Proceedings/Sanctions

The parties anticipate that all pre−motion conference requests will be filed by **August 10,**

**2018.**

13.      **Alternative Dispute Resolution**: In the interest of conserving judicial resources,

the parties acknowledge that the Court will require the parties to participate in some form of

Alternative Dispute Resolution. Indicate what discovery, if any, is needed prior to conducting

alternative dispute resolution in order to make alternative dispute resolution most effective.

Indicate a preferred time frame for conducting alternative dispute resolution.

The parties recommend that this case be submitted to the following method(s) of alternative

dispute resolution:

After the mid-way point of discovery, Plaintiff will agree to standard track case evaluation

and will object to any other form of alternative dispute resolution; Defendant is opposed to case

evaluation in this matter as Defendant does not believe it will lead to amicable resolution between

the parties.  However, should the Court order Case Evaluation, Defendant requests it occur on a

date following the deadline for Motion for Summary Judgments to be submitted.

14.      **Length of Trial:** Counsel estimates the trial will last approximately two (2) days

total, allocated as follows:  One (1) day for Plaintiffs' case, one (1) day for Defendant's case.

16.      **Other**: No information at this time.

Respectfully submitted,

Dated: 12/11/17                              */s/ J. Nicholas Bostic*
                                             J. Nicholas Bostic  (P40653)

6

Attorney for Plaintiffs

Dated: 12/11/17                    */s/Bonnie G. Toskey*
                                   Bonnie G. Toskey (P30601)
                                   Gordon J. Love (P74713)
                                   Attorney for Defendant

## CERTIFICATE OF SERVICE

I, J. Nicholas Bostic, undersigned attorney for Plaintiff, certify that, on December 11, 2017, I electronically filed the Rule 16 Joint Status Report after obtaining consent from opposing counsel to affix his/her electronic signature and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Dated:    12/11/2017                    */s/ J. Nicholas Bostic*
                                        J. Nicholas Bostic (P40653)
                                        Attorney for Plaintiff